# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10224
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRENTON GUS DEUBLER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-81-14

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Brenton Gus Deubler appeals his sentence of 168 months of imprisonment imposed following his guilty-plea conviction of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. He argues that the district court clearly erred in attributing 1445.85 grams of methamphetamine to him and in increasing his offense level by two under U.S.S.G. § 2D.1.1(b)(12). We review the district court's application of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10224

Sentencing Guidelines de novo, and its factual findings for clear error. *United States v. Villanueva*, 408 F.3d 193, 202-03 & n.9 (5th Cir. 2005).

The district court calculated the amount of methamphetamine attributable to Deubler from the facts set forth in the presentence report. Specifically, the presentence report indicated that, over the course of nine weeks in 2013, Deubler typically obtained between four and six ounces, although sometimes more, of methamphetamine on a weekly or bi-weekly basis from his supplier. The presentence report further stated that, as part of a group of suppliers, distributors, and consumers of methamphetamine, Deubler generally obtained methamphetamine from an unindicted co-conspirator and, in turn, supplied it to other individuals for resale or their own use. The individuals who bought methamphetamine from Deubler for resale included Deubler's girlfriend and her ex-boyfriend. Shortly before Deubler's arrest, he arranged a meeting to repay an $8000 debt for methamphetamine he had previously purchased on consignment for resale. Officers arrested Deubler at the meeting and seized $2340 in cash from him. In a later search of the residence Deubler shared with his girlfriend, investigators found a purse containing methamphetamine, a duffle bag containing methamphetamine, a bottle containing methamphetamine, two digital scales, and a loaded pistol. In the district court, Deubler presented no evidence that the facts related in presentence report were untrue, or that he had typically either obtained or distributed less methamphetamine, or that he had done so less frequently than reported. *See United States v. Cervantes*, 706 F.3d 603, 620-21 (5th Cir. 2013). The district court, therefore, was free to rely on the report and adopt the facts stated therein as its findings. *See United States v. Alaniz*, 726 F.3d 586, 618-19 (5th Cir. 2013). Those facts support the district court's determination that the preponderance of the evidence showed that Deubler was responsible for

No. 14-10224

1445.85 grams.  *See United States v. Sherrod*, 964 F.2d 1501, 1508 (5th Cir. 1992).  We find, in light of the record as a whole, that Deubler's unsupported challenge to the sufficiency of the Government's evidence, fails to "give rise to a definite and firm conviction that the district court made a mistake" when it attributed 1445.85 grams of methamphetamine to Deubler.  *United States v. Zuniga*, 720 F.3d 587, 592 (5th Cir 2013).

We find Deubler's challenge to the two-level offense level increase under § 2D1.1(b)(12) equally unpersuasive.  Under § 2D1.1(b)(12), a two-level enhancement applies "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance," including the storage of a controlled substance for the purpose of distribution.  As with his challenge to the drug quantity, Deubler presented no evidence to show that the facts underlying the application of the enhancement were untrue or inaccurate.  *See Cervantes*, 706 F.3d 603, 620-21.  Those unrebutted facts support the district court's conclusion that Deubler exercised control over and access to the residence at issue where he lived for a nominal rent while renovating the property for resale.  *See* § 2D1.1, comment. (n.17).  They additionally support the district court's determination that Deubler stored the methamphetamine in the home and distributed it from there.  *See* 2D1.1(b)(12).  We find no clear error in the district court's factual findings or its application of § 2D1.1(b)(12).  *See Alaniz*, 726 F.3d at 618; § 2D1.1(b)(12) & comment. (n.17).

The judgment of the district court is AFFIRMED.